IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY MCCLAIN,          )<br>                            )<br>    Plaintiffs,           )<br>                            )<br>vs.                         )<br>                            )<br>CITY OF O'FALLON, ILLINOIS, )<br>A municipal corporation,    )<br>                            )<br>    Defendants.             ) | CASE NUMBER:<br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR UNPAID WAGES, RETALIATION, WRONGFUL TERMINATION, AND VIOLATION OF CITY POLICIES**

Now comes the Plaintiff, Timothy McClain, by and through his attorneys at Chatham & Baricevic, LLC and for this Complaint against Defendant City of O'Fallon, Illinois, a municipal corporation, states as follows.

**I.      NATURE OF THE CASE**

1.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 et seq., to recover unpaid overtime compensation and related damages.

2.    Plaintiff TIMOTHY MCLAIN was misclassified by Defendant as an exempt employee, despite performing non-exempt paramedic duties for the majority of his 15-year career. He routinely worked over 40 hours per week without receiving overtime compensation, in violation of federal and state wage laws.

3.    Defendant also retaliated against Plaintiff for asserting wage-related rights, and ultimately terminated him on pretextual grounds, violating both public policy and the City's own written disciplinary policies.

1

4. Plaintiff seeks unpaid wages, liquidated and statutory damages, reinstatement or front pay, attorneys' fees and costs, and other appropriate relief.

## II.  JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Supplemental jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. § 1367.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this District and the events giving rise to this action occurred here.

## III.  PARTIES

8. Plaintiff TIMOTHY MCLAIN is a resident of Illinois and was employed by Defendant from approximately 2008 until his termination in 2023.

9. Defendant, City of O'Fallon, is a lawfully organized municipal corporation operating in the state of Illinois and subject to the laws and regulations of the the same.

## IV.  FACTUAL ALLEGATIONS

10. Plaintiff was employed by the City of O'Fallon as a paramedic holding a supervisory or management title. However, his actual job duties consisted almost entirely of non-exempt paramedic field work.

11. Plaintiff's primary responsibilities included:

   a. Responding to emergency 911 calls;
   b. Providing emergency medical care and patient stabilization;
   c. Transporting patients to hospitals;
   d. Completing detailed patient care and incident reports;

    e. Operating and maintaining emergency vehicles;
    f. Participating in shift-based public safety operations.

12. Approximately 90% of Plaintiff's work involved hands-on paramedic duties, indistinguishable from those performed by hourly, union-represented paramedics.

13. Despite his title, Plaintiff primarily was an on call worker

14. Plaintiff worked an average of 58 hours per week, typically completing 116 hours over each two-week pay period.

15. Plaintiff received a fixed salary of approximately $99,000 annually, amounting to roughly $1,903.85 per week or $32.82 per hour based on actual hours worked.

16. Plaintiff was paid straight time for all hours worked and was never paid an overtime premium for hours worked beyond 40 in a week.

17. Plaintiff routinely worked approximately 18 hours of overtime per week. The unpaid overtime premium due to him was approximately $295.38 per week, totaling an estimated $46,086.70 over three years.

18. Union-represented paramedics performing the same duties were paid overtime in accordance with the City's collective bargaining agreement. Plaintiff was not in the union, but performed equal or greater non-exempt labor and received no such compensation.

19. Defendant was aware of Plaintiff's job duties and regularly scheduled him for paramedic shifts. Defendant maintained timesheets and schedules showing his hours and tasks, and directed him to perform this work.

20. In 2023, Plaintiff was terminated. The City cited a "mistaken" work report as the reason. Plaintiff denies wrongdoing, and alleges the stated reason was pretextual.

21. Plaintiff believes he was terminated in retaliation for engaging in protected activity under the FLSA and IMWL, including questioning his exempt status and unpaid overtime.

22. The City failed to follow its own written disciplinary policies, which required progressive discipline and due process before termination. These policies applied to non-union employees such as Plaintiff.

23. As a result of the City's unlawful actions, Plaintiff has suffered lost wages, lost benefits, emotional distress, reputational harm, and other compensable damages.

V. **CLAIMS FOR RELIEF**

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 201 et seq.)

24. Plaintiff incorporates paragraphs 1–23 as though fully set forth herein.

25. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular hourly rate for all hours worked over 40 in a workweek.

26. Plaintiff was a non-exempt employee as defined by the FLSA. He was misclassified by Defendant as exempt, despite performing manual, field-based, routine medical services with no managerial discretion.   Defendant was aware of Plaintiff's protected activity.

27. Defendant failed to pay Plaintiff overtime for hours worked over 40 each week. Instead, it paid him straight time for all hours worked.

28. Defendant's failure to pay overtime was willful, reckless, and not in good faith, entitling Plaintiff to liquidated damages and a three-year statute of limitations.

29. Plaintiff is entitled to recover all unpaid wages, liquidated damages, interest, and attorneys' fees and costs under 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests judgment against Defendant for:

- Unpaid overtime compensation;

- Liquidated damages in an equal amount;

- Attorneys' fees and costs;

- Prejudgment interest;

- All other relief deemed just.

## COUNT II
## VIOLATION OF THE ILLINOIS MINIMUM
## WAGE LAW (820 ILCS 105/1)

30. Plaintiff realleges and incorporates by reference the preceding paragraphs. Plaintiff incorporates paragraphs 1–29.

31. Under the IMWL, employers must pay non-exempt employees one and one-half times their regular rate for hours worked in excess of 40 per week.

32. Plaintiff was a non-exempt employee under the IMWL.

33. Defendant failed to pay Plaintiff required overtime premiums for regularly worked overtime.

34. Defendant's actions were willful and entitle Plaintiff to statutory damages equal to the amount of unpaid wages under 820 ILCS 105/12(a).

WHEREFORE, Plaintiff respectfully requests judgment against Defendant for:

- All unpaid overtime wages;

- Statutory damages;

- Attorneys' fees and costs;

- Prejudgment interest;

- All other just relief.

## COUNT III
## RETALIATION UNDER THE FLSA AND ILLINOIS MINIMUM WAGE LAW

35. Plaintiff realleges and incorporates by reference the preceding paragraphs.

36. Illinois recognizes a cause of action for wrongful termination in violation of public policy.

37. Plaintiff's termination violated Illinois public policy protecting employees who refuse to engage in or who report unlawful conduct.

38. Plaintiff was terminated for reporting financial reporting inaccuracies and unsafe workplace conditions.

39. Defendant's conduct constitutes wrongful termination in violation of Illinois law.

40. Plaintiff suffered damages including lost income, benefits, and emotional distress.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant for:

- Lost wages and benefits;

- Reinstatement or front pay;

- Compensatory or liquidated damages;

- Attorneys' fees and costs;

- Any other relief the Court deems proper.

## COUNT IV
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

41. Plaintiff incorporates paragraphs 1–40.

42. Illinois law recognizes a common law cause of action for termination in violation of clearly mandated public policy.

43. Public policy protects workers from retaliation for asserting statutory wage rights under the FLSA, IMWL, and IWPCA.

44. Plaintiff was terminated for asserting rights under these statutes, in contravention of public policy.

45. Defendant's actions were malicious or reckless and warrant compensatory and punitive damages.

WHEREFORE, Plaintiff requests:

- Lost wages and benefits;

- Compensatory and punitive damages;

- Attorneys' fees and costs;

- All other just relief.

## COUNT V
## BREACH OF CONTRACT/VIOLATION OF
## CITY DISCIPLINE POLICIES

46. Plaintiff incorporates paragraphs 1–45.

47. Defendant maintained written employment policies, including disciplinary procedures that applied to non-union employees.

48. These policies created enforceable expectations that discipline would be fair, progressive, and consistent with established procedures.

49. Plaintiff was terminated in violation of these policies, without proper process

7

or opportunity to respond.

    50. Defendant's actions constitute a breach of policy and contractual obligations implied by those policies.

    WHEREFORE, Plaintiff requests:

- Back pay and lost benefits;

- Compensatory damages;

- Attorneys' fees and costs;

- Such other relief as the Court deems just.

## VI. **JURY DEMAND**

Plaintiff demands trial by jury on all claims so triable.

Respectfully Submitted,

**CHATHAM AND BARICEVIC**

/S/ CHARLES J. BARICEVIC
Charles J. Baricevic, 6305418
Chatham & Baricevic
107 West Main Street
Belleville, IL  62220
cj@chathamlaw.org
PHONE: 618 233 2200
FAX: 618-233-1589